617 *THOMAS B. RAINES, plaintiff in error, *v.* CHARLES DUNNING et al., defendant in error.

(Atlanta, January Term, 1871.)

FRAUD—JUDGMENTS—CANCELLATION OF DEEDS.—Where A, holding an execution against B, caused his lands to be levied upon, and before the sale, it was agreed between them that B should sell to A the lands in satisfaction of the judgment, which was shortly afterwards done, B making a deed, and A satisfying the judgment, and it subsequently appeared that, after the contract was made, but before it was consummated by writing and signature, C had purchased from B the timber upon a large portion of the land, with full notice of the agreement between A and B, and had taken a deed from B antedated, so as to go behind A's judgment against B, with intent to defraud A, and permitted A, without notice, to go on and perfect his agreement with B, in ignorance of the sale of the timber:

*Held,* That this was a fraud upon A, and a bill to cancel the deed conveying the timber to C, and to enjoin him from cutting the timber is not demurrable for want of equity.

EVIDENCE—BILL OF EXCEPTIONS.—Immaterial evidence need not be embodied in the bill of exceptions.

(See end of report—R.)

Equity. Fraud. Bill of Exceptions. Before Judge Harrell. Quitman Superior Court. November Term, 1870.

The case made by Raines' bill against Dunning et al. was this: In November, 1869, Raines obtained a judgment against James Suggs for $3,600 00. The fi. fa. was issued and levied upon Suggs' land, which was advertised by the sheriff for sale. Pending this advertisement, on the 30th of March, 1870, Suggs sold and conveyed to Raines said lands for $2,700 00 and put Raines into possession of the same. The fi. fa. was credited with $2,700 00 by this sale. Dunning, knowing the existence of this fi. fa., and that it was levied on said land, and that Raines and Suggs had agreed upon said bargain and sale, and that nothing more was to be done but to execute the deed, credit the fi. fa. and stop the sheriff's sale, on the 24th of March, 1870, without notice to Raines, induced Suggs to convey to him all the timber on part of said land for $375 00, to be paid in lumber. This conveyance was dated the 10th of November, 1869, to defraud Raines. Raines did not know anything of this 618 sale of *the timber on the 30th of March, 1870. In February, 1870, Dunning was trying to arrange for buying said timber from Raines and did not then pretend to

have any interest therein. In July, 1870, Raines had found
out that Dunning held said conveyance of the timber and
charged him with having antedated the same to defraud him,
and thereupon he and Dunning agreed to the sawing up of
said timber upon certain terms. Had Raines known this he
would, as he could, have sold said lands at sheriff's sale in-
stead of acting as he did. Though Dunning has never paid
Suggs, he has taken possession of said part of said lands and
has begun cutting and removing the timber, in utter disregard
of Raines' wishes or interests. Dunning is of doubtful solvency,
and Suggs has no property which can be reached by the fi. fa.
The prayer was for a rescission of the conveyance to Dunning
and for injunction against his further trespassing upon said land.
A temporary injunction was granted and an order issued for
Dunning to show cause why it should not be extended.

In answer to this order, Dunning's counsel demurred to said
bill for want of equity, and upon Dunning and Suggs answer-
ing the bill, moved for a dissolution of said injunction.

Upon argument of the demurrer, the Chancellor dismissed
the bill for want of equity, and that is assigned as error.

(The bill of exceptions recited that, "after reading bill, an-
swers and certain affidavits in support of the bill, and after
argument had," the bill was dismissed as aforesaid. These affi-
davits not being set out in or attached to the bill of exceptions,
counsel for defendant in error moved to dismiss it. The Court
ruled that, as the cause turned wholly on the demurrer to the
bill, the affidavits were immaterial, and overruled the motion
to dismiss.)

B. S. Worrill, for plaintiff in error, cited Rev. Code, secs.
3116, 3118; 1 Story's Eq., secs. 208, 209, 210.

Hood & Kiddoo, by Moses & Downing, for defendants.

*McCAY, J.

We do not think this a good bill to set aside the deed
from Suggs to the complainant, and the entry of satisfaction
upon the fi. fa.

True, if the sale of the timber is a good sale, then Suggs
committed a fraud upon Raines: But this bill charges that the
sale to Dunning was not good, that it was a fraud. If this be
true, then Suggs' deed is not fraudulent, and Raines has no
right to complain, since however badly Suggs and Dunning have
acted, he is not hurt.

We suspect, this phase of the bill, (that under the general
prayer for relief the complainant might, under the facts, get
a decree setting aside the whole agreement between him and
Suggs,) is an after thought. The gravamen of the bill is against
Dunning. Suggs is a proper party, for it is his deed to Dunning
that is attacked. As a bill against Suggs, Dunning is not a
proper party, since if his deed is a good one, he has nothing
to do with the case.

But we think the bill has equity in it against Dunning. If the facts stated be true, his purchase of the timber was mala fides as against complainant.

The judgment was a lien on all the land, including the timber; the timber was clearly an element in the considerations which induced Raines to satisfy the judgment; the contract was complete before Dunning interfered. In conscience, both Raines and Suggs were bound. The deed, subsequently, to-wit: on the 30th of May, was nothing but the reduction to writing of the previous agreement. Dunning, with a full knowledge of what Raines had agreed, creeps slyly in and buys the timber. If the facts stated be true, he knew he was practicing a fraud, aiding Suggs to impose upon Raines, and the fact that he antedated the deed is no light evidence of his bad intentions. To our minds it is clear that, if these facts be true, and this deed to Dunning stands as good, a fraud has been committed on Raines, in which Dunning was a willful and conscious agent. It is not equitable that he *should reap the fruits of his aid to Suggs. And we, therefore, hold the bill a good one, and think the Judge erred in dismissing it and refusing the injunction. What the real truth is, as matter of course, does not appear to us.

Whether, on the coming in of the answer, with such supplementary affidavits as the parties may see fit to produce, the Judge may, or may not, dissolve it, we do not say.'

Judgment reversed.